CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 30 2015

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM LEE ANDERSON, II,<br>    Plaintiff, | Civil Action No. 7:15-cv-00236 |
| v. | **MEMORANDUM OPINION** |
| PHILIP H. WITHERSPOON, et al.,<br>    Defendants. | By:   Hon. Michael F. Urbanski<br>       United States District Judge |

This matter is before the court upon defendant Dr. Philip Witherspoon's motion for summary judgment and pro se plaintiff William Lee Anderson, II's motion to amend the complaint, motion for an extension of time to respond to the motion for summary judgment, and motion for discovery. For the following reasons, the court grants in part and denies in part the motion to amend, dismisses Dr. Witherspoon's motion for summary judgment without prejudice, denies Plaintiff's motion for an extension of time as moot, directs Dr. Witherspoon to file a new motion for summary judgment that includes a copy of one page from Plaintiff's medical record, and dismisses without prejudice Plaintiff's motion for discovery.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If a party seeks to amend a pleading in all other cases, it may only do so with the opposing party's written consent or the court's leave. The court must also consider the more specific joinder provisions of Rules 19(a) and 20(a) when a plaintiff files a motion to amend that seeks to join additional defendants. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). The proposed defendants must have a right to relief asserted against them, "arising out of the same transaction, occurrence,

or series of transactions or occurrences[,]" and the claims must share some "question of law or fact common to" all defendants. Fed. R. Civ. P. 20(a)(2). Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff seeks update facts relevant to Dr. Witherspoon and to join "Dental Department," the Virginia Department of Corrections ("VDOC"), and T. Coyner, a dental assistant. It is futile to join T. Coyner because Plaintiff fails to allege any pertinent facts about him, and it is also futile to join the "Dental Department" and the VDOC because neither entity is a "person" for purposes of 42 U.S.C. § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Accordingly, the motion to amend is granted as to the updated facts about Dr. Witherspoon, but it is denied to the extent it seeks to join "Dental Department," the VDOC, and T. Coyner.

Because Dr. Witherspoon's motion for summary judgment relates to the original complaint, the motion for summary judgment is dismissed without prejudice as moot, and Plaintiff's motion for an extension of time to respond to the motion for summary judgment is also denied as moot. Pursuant to Standing Order 2013-6, Dr. Witherspoon will file an updated motion for summary judgment supported by affidavit(s) within thirty days.

Plaintiff has also filed a motion for a free copy of a page in his medical record that allegedly supports his claim, which the court construes as a motion for discovery. Dr. Witherspoon shall provide Plaintiff the requested one-page document from Plaintiff's medical file, unless averred not to be within Dr. Witherspoon's possession, custody, or control, by no later than the date Dr. Witherspoon files his new motion for summary judgment. Plaintiff's motion for discovery is dismissed without prejudice.

2

The Clerk shall send a copy of this Order to the parties.

**ENTER:** This 30th day of November, 2015.

_____
United States District Judge

3