CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

WILLIAM LEE ANDERSON, II )
)
Plaintiff, )
) Civil Action No. 7:15cv00236
v. )
)
PHILIP H. WITHERSPOON, et al., ) By: Michael F. Urbanski
) United States District Judge
Defendants. )
)

## MEMORANDUM OPINION

William Lee Anderson, II, a Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff complains about the dental treatment provided by Dr. Philip H. Witherspoon, the former dentist at the Augusta Correctional Center ("ACC").[1] Currently pending before the court are the parties' cross motions for summary judgment (ECF Nos. 54 & 61), which were referred to United States Magistrate Judge Joel C. Hoppe for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See ECF No. 52. Following an evidentiary hearing on December 14, 2016, the magistrate judge issued a report, recommending that defendant Philip H. Witherspoon's motion be granted, Anderson's motion be denied, and this matter be dismissed (ECF No. 92). Anderson has filed objections to the magistrate judge's report (ECF No. 93). For the reasons set forth below, the court will overrule Anderson's objections and adopt the magistrate judge's report in its entirety.

---

[1] The only other named defendant to this action was terminated by a prior memorandum opinion and order.

# I.

Anderson's overarching objection to the magistrate judge's report is that he was denied a fair hearing in violation of his Fifth and Fourteenth Amendment rights. Anderson claims that his constitutional rights were violated because the magistrate judge refused to subpoena his "key witnesses," he was not allowed to appear in person at the evidentiary hearing, and he was not appointed counsel.

The court referred this matter to the magistrate judge to hold an evidentiary hearing on Anderson's allegations—specifically, his allegations of extreme pain leading him to extract a tooth himself using fingernail clippers, spoons, pens and string, which allegations had not been addressed in Dr. Witherspoon's previously-filed motion for summary judgment. See Mem. Op., ECF No. 50, at 5-7. The magistrate judge held such a hearing on December 14, 2016. At that hearing, which was held on the record and lasted a total of four and a half hours, Anderson and his witness George Nelson appeared via videoconference to testify on behalf of the plaintiff; Dr. Witherspoon and his dental assistant, Tammy Lynn Coyner, appeared in person and testified on behalf of the defendant. See Minute Entry, ECF No. 86. There is nothing aside from Anderson's baseless allegations to suggest that this evidentiary hearing was conducted in a manner that violated Anderson's due process rights.

First, Anderson complains that his constitutional rights were violated because he was not permitted to call his "key witnesses" at the December 14 hearing. It is unclear from his objections who these "key witnesses" are, although he does mention by name Ms. Wilson, a dental hygienist. Pl.'s Obj., ECF No. 93, at 4. Prior to the evidentiary hearing, Anderson filed several motions concerning witness subpoenas, see, e.g., ECF Nos. 74, 76, 83, and the

2

magistrate judge denied his requests for issuance of subpoenas to non-inmate witnesses[2] because he had not prepaid the required fees, see ECF No. 75. The magistrate judge did, however, arrange for inmate George Nelson to testify on Anderson's behalf at the hearing via video conference.[3] Id.

Anderson contends that his "key witnesses" were not allowed to testify at the evidentiary hearing due to his in forma pauperis status, and he claims he is entitled to have these witness subpoenas served by the court pursuant to 28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 4(c)(3), and Federal Rule of Criminal Procedure 17(b). Anderson's reliance on Rule 17(b) is improper, as this is a civil—not a criminal—proceeding. His reliance on 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) is also misplaced. Section 1915(d) provides that officers of the court (e.g., a United States marshal or deputy marshal if ordered by the court, see Fed. R. Civ. P. 4(c)(3)), "shall issue and serve all process, and perform all duties in such cases" brought by an indigent plaintiff. It specifically provides that "[w]itnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d). However, "[a] district court generally has no duty to subpoena witnesses for an indigent litigant who cannot pay the witness fees in civil, non-habeas cases." Nance v. King, 888 F.2d 1386 (4th Cir. 1989) (unpublished table decision); Burris v. Ware, No. 2:13-699-GRA-SVH, 2013 WL 4823269, at *3 (D.S.C. Sept. 9, 2013); see generally 28 U.S.C. § 1821 (witness per diem and mileage fees); Fed. R. Civ. P. 45(b)(1) (service of subpoenas); cf. 28 U.S.C. § 1915(c) (providing for

---

[2] Anderson had asked the magistrate judge to issue subpoenas to Dr. Landover, an unidentified doctor/dentist at Augusta Correctional Center, Dr. Knight, and Ms. Wilson. See ECF No. 75.
[3] The magistrate judge also ordered that document subpoenas be issued so that plaintiff could attempt to obtain medical and dental department records. See ECF Nos. 78, 79, 81, 82.

3

payment by the United States of certain expenses, including printing and transcript fees, under certain circumstances, but not witness fees); 28 U.S.C. § 1825 (providing for payment of witness fees by the government in certain types of cases involving the United States, including habeas cases). The magistrate judge properly denied Anderson's request to issue subpoenas to non-inmate witnesses because he had not tendered prepayment of the appropriate witness and mileage fees.

Anderson also contends that his constitutional rights were violated because he was not permitted to appear in person at the evidentiary hearing. While incarcerated plaintiffs have a right of access to the courts, Bounds v. Smith, 430 U.S. 817 (1977), Anderson does not have a constitutional right to be physically present at pretrial proceedings in this civil action. Price v. Johnston, 334 U.S. 266, 284-86 (1948), overruled on other grounds by McCleskey v. Zant, 499 U.S. 467 (1991); see Kirk v. United States, 589 F. Supp. 808, 809 (E.D. Va. 1984) ("Plaintiff has no right to be transported at taxpayer's expense for the trial of the [civil] case. The matter is discretionary within the trial court." (internal citation omitted)); see also Fed. R. Civ. P. 43 (providing for the taking of testimony in open court by contemporaneous transmission from a different location with appropriate safeguards).

Nor does Anderson have a right to appointment of counsel in this civil rights action, as the magistrate judge previously ruled. ECF No. 71; see Mallard v. United States District Court, 490 U.S. 296, 309 (1989) (holding 28 U.S.C. § 1915(d) does not authorize coercive appointments of counsel).

Anderson has not established any denial of his due process rights in connection with the December 14, 2016 evidentiary hearing. His objections will therefore be overruled.

4

## II.

The remainder of Anderson's objections concern the magistrate judge's recitation of the facts on page 3 and 8 of the report. It is clear that Anderson simply disagrees with Dr. Witherspoon's medical findings and characterization of the series of events giving rise to this lawsuit. For instance, Anderson takes issue with the sentence on page 3 of the magistrate judge's report, which states: "Dr. Witherspoon noted in his record that tooth #4 was missing, tooth #5 had an intact distal-occlusal amalgam filling, and tooth #6 was worn but had no restoration or decay. Witherspoon Aff. ¶ 3; ECF No. 72-1, at 7." Pl.'s Obj., ECF No. 93, at 5. Anderson asserts in his objections: "Reply: First #5 tooth had absolutly [sic] 'no filling' it had fallen out around the first of the 2014 year." Id. This is the same argument Anderson has raised all along in this case. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008) (objections that simply reiterate arguments raised before the magistrate judge are considered general objections to the report and recommendation and do not require de novo review). The magistrate judge had the opportunity to hear testimony from both Anderson and Dr. Witherspoon, and he credited Dr. Witherspoon's version of events, which are grounded in his treatment notes. Indeed, this particular statement of fact set forth on page 3 of the magistrate judge's report is supported by Dr. Witherspoon's May 22, 2014 treatment note and his affidavit filed in support of summary judgment. See ECF Nos. 55-1, 55-3. Dr. Witherspoon's treatment note from this date further reflects that he gave Anderson a large hand mirror in an attempt to explain these medical findings, but Anderson "continued to be argumentative" and was escorted out. In his objections, Anderson continues to argue with Dr. Witherspoon's medical findings, insisting he is a pathological

5

liar. Anderson's remaining "objections" to the facts set forth on page 8 of the magistrate judge's report follow a similar pattern.

The court has reviewed the magistrate judge's thorough report, as well as Anderson's objections to the report, and finds no error in the magistrate judge's finding that Dr. Witherspoon is entitled to summary judgment. In particular, with respect to Anderson's allegations that his extreme pain and Dr. Witherspoon's deliberate indifference led him to extract a tooth himself—the claim that had not been addressed in Dr. Witherspoon's previous motion for summary judgment and the reason this case was referred for evidentiary hearing—the magistrate judge determined Anderson's claim is incomprehensible and medically impossible. The court finds no error in this conclusion.

### III.

For these reasons, defendant's motion for summary judgment (ECF No. 54) will be **GRANTED**, plaintiff's motion for summary judgment (ECF No. 61) will be **DENIED**, the report and recommendation (ECF No. 92) will be **ADOPTED in its entirety**, plaintiff's objections to the report (ECF No. 93) will be **OVERRULED**, and this matter will be **DISMISSED** and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered.

ENTER this 30th day of March, 2017.

/s/ Michael F. Urbanski
UNITED STATES DISTRICT JUDGE

6

Case 7:15-cv-00236-MFU-JCH Document 99 Filed 03/30/17 Page 6 of 6 Pageid#: 1339